## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re | : | Chapter 13 |
|     Danielle Riggs | : |  |
|         DEBTOR | : |  |
|  | : |  |
| Danielle Riggs | : |  |
|  | : | LEAD CASE No. 18-17963 JKF |
|  | : |  |
| vs. | : | Adversary Case No.19-00013 JKF |
|  | : |  |
| Pennsylvania Housing Finance Agency | : |  |
|         DEFENDANT | : |  |
|  | : |  |

### CONSENT ORDER RESOLVING ADVERSARY CASE

Debtor, Danielle Riggs ("Debtor"), through counsel, Mitchell Lee Chambers, and the Pennsylvania Housing Finance Agency, Homeowner's Emergency Mortgage Assistance Program ("PHFA-HEMAP"), through its counsel, Jada S. Greenhowe, hereby consent to entry of the following ORDER:

1. Pennsylvania Housing Finance Agency ("PHFA") currently holds a valid first mortgage against Debtor's real property located at 1203 Crestview Road, Darby, PA 19023 (the "Property"). Debtor will continue to make the required monthly payments pursuant to the first mortgage to PHFA in accordance with the terms set forth in the mortgage and note.

2. Pennsylvania Housing Finance Agency also holds a valid second mortgage (the "PHFA-HEMAP Mortgage"), which is the subject of this adversary action, against the Debtor's Property.

3. The parties agree that the amount owed on the first mortgage may exceed the value of Debtor's Property and, as a result, the current value of the Property may not contain sufficient equity to support repayment of the PHFA-HEMAP Mortgage.

4. The PHFA-HEMAP Mortgage shall be deemed to have a secured claim in the amount of $0.00 in Debtor's real property.

5. The PHFA-HEMAP Mortgage shall be treated as an unsecured claim in the approximate amount of $21,893.00 and shall be entitled to receive in the pro rata distribution to unsecured creditors through the Debtor's Chapter 13 Plan.

6. Upon completion of Debtor's Chapter 13 Plan the PHFA-HEMAP Mortgage shall be declared null and void.

7. PHFA-HEMAP shall be provide an executed satisfaction piece that Debtor may record with the office of the recorder of deeds within sixty (60) days from the date of entry of a discharge order pertaining to the underlying bankruptcy case.

8. PHFA-HEMAP shall only be required to release the PHFA-HEMAP Mortgage so long as the Debtor receives a Chapter 13 Discharge, as evidenced by the entry of a discharge order.

9. Should the Debtor fail to obtain a Chapter 13 Discharge, if this Chapter 13 bankruptcy converts to a Chapter 7 bankruptcy, if the Property is sold or if any lien, mortgage or encumbrance superior in priority to that of the PHFA-HEMAP Mortgage is refinanced, the PHFA-HEMAP Mortgage shall survive and this agreement shall be deemed null and void without further order of this Court.

10. Counsel for Debtor hereby withdraws his Request for Production of Documents ("Request for Production") filed on March 1, 2019.

11. Neither PHFA nor PHFA-HEMAP shall be required to file or otherwise provide responses to the Request for Production or provide the documents requested pursuant to the Request for Production.

12. That upon the signing and approval of the Court of this consent order it is hereby ORDERED that the Adversary Action is closed.

THIS SPACE INTENTIONALLY LEFT BLANK

/s/ Mitchell Lee Chambers, Esq.

Mitchell Lee Chambers, Esq.

*Counsel for Debtor*

Date:  3/27/19


/s/ Jada S. Greenhowe, Esq.

Jada S. Greenhowe, Esq.

*Counsel for Pennsylvania Housing Finance Agency*

Date:  4/1/2019



   AND NOW, this _____ day of _____, 2019, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.


               BY THE COURT:


               _____
               HONORABLE JEAN K. FITZSIMON
               UNITED STATES BANKRUPTCY JUDGE